CIRCUIT CIVIL
# CASE SUMMARY
## CASE NO. 2016-003950-CA-01

| | | |
|---|---|---|
| Deivys De Leon<br>vs<br>Gold Coast Beverage Distributors Inc | §§§§§ | Location: Circuit Civil<br>Judicial Officer: (Section, CA 30)<br>Filed on: 02/17/2016<br>State Case Number: 132016CA003950000001 |

### CASE INFORMATION

Case Type: **Other Civil Complaint**

### DATE | CASE ASSIGNMENT

**Current Case Assignment**
Case Number          2016-003950-CA-01
Court                Circuit Civil
Date Assigned        02/17/2016
Judicial Officer     (Section, CA 30)

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | De Leon, Deivys | **Anthony M Georges-Pierre**<br>*Retained*<br>305-416-5000(W) |
| **Defendant** | Gold Coast Beverage Distributors Inc | |

### DATE | EVENTS & ORDERS OF THE COURT | INDEX

| DATE | | |
|---|---|---|
| 02/17/2016 | Complaint | |
| 02/17/2016 | Civil Cover | |

### DATE | FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** De Leon, Deivys | |
| Total Charges | 401.00 |
| Total Payments and Credits | 401.00 |
| **Balance Due as of 3/16/2016** | 0.00 |

Filing # 37948383 E-Filed 02/17/2016 06:33:56 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Deivys De Leon</u>
Plaintiff
       vs.
<u>Gold Coast Beverage Distributors, Inc.</u>
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☒ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.    REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV.    NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

3

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☒ Yes
- ☐ No

**VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Anthony M Georges-Pierre    FL Bar No.: 533637
Attorney or party                                                      (Bar number, if attorney)

Anthony M Georges-Pierre    02/17/2016
(Type or print name)                                Date

Filing # 37948383 E-Filed 02/17/2016 06:33:56 PM

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.:

DEIVYS DE LEON,
And other similarly situated persons,

    Plaintiff,

v.

GOLD COAST BEVERAGE
DISTRIBUTORS, INC.,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, DEIVYS DE LEON, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, GOLD COAST BEVERAGE DISTRIBUTORS, INC., a Florida Corporation (referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216 (b) and pursuant to Rules 1.100 and 1.110, Florida Rules of Civil Procedure. This is an action for damages resulting from Defendant's wrongful termination of Plaintiff, retaliation violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*.

2. Plaintiff performed non-exempt duties in connection with the Defendant in Miami-Dade County, Florida.

3. Defendant has at all times material hereto owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami-Dade County.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b) and Plaintiff seeks redress for same in this Complaint and Demand for Jury Trial..

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

6. At all times material to this Complaint, Gold Coast Beverage Distributors, Inc. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of Gold Coast Beverage Distributors, Inc. was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, Gold Coast Beverage Distributors, Inc. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after January 2013 and did not receive time and a half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

10. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants.

11. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendant.

12. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

13. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 13 above.

15. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

16. Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

17. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

18. As a result of Defendant" willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, and those similarly situated to him who have or will opt into this action  demands judgment, jointly and severally, against Defendant, Gold Coast Beverage Distributors, Inc., individually, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
### *Interference With Rights Under The FMLA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

23. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

24. All conditions precedent to bringing this action have occurred, been performed, or been excused.

25. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

26. Plaintiff is an individual entitled to protection under the FMLA.

27. Plaintiff is an employee within the meaning of the FMLA.

28. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

29. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

30. Defendant's actions constitute violations of the FMLA.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation Under The FMLA*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

33. Plaintiff is an individual entitled to protection under the FMLA.

34. Plaintiff is an employee within the meaning of the FMLA.

35. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

36. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

37. Defendant's actions constitute a violation of the FMLA.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of February, 2016

                      Respectfully submitted,

                      **REMER & GEORGES-PIERRE, PLLC**
                      COURTHOUSE TOWER
                      44 West Flagler Street, Suite 2200
                      Miami, FL 33130
                      Tel. (305) 416-5000
                      Fax: (305) 416-5005
                      E-Mail: agp@rgpattorneys.com

                      By: _____
                      Anthony M. Georges-Pierre, Esq.
                      Florida Bar Number: 0533637

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 2016-003950-CA-01

DEIVYS DE LEON,
And other similarly situated persons,

    Plaintiff,

v.

GOLD COAST BEVERAGE
DISTRIBUTORS, INC.,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

TO:    Ross M. Levin
Registered Agent for Gold Coast Beverage Distributors, Inc.
1751 N.W. 12th Avenue
Pompano Beach, FL 33069

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Anthony M. Georges-Pierre, Esq.
REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

FEB 19 2016

_____    _____
CLERK                                            DATE

MONICA I. VALDES

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2016-003950-CA-01

DEIVYS DE LEON,
And other similarly situated persons,

    Plaintiff,

v.

GOLD COAST BEVERAGE
DISTRIBUTORS, INC.,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, DEIVYS DE LEON, (hereinafter referred to as "Plaintiff"), was an employee of Defendant, GOLD COAST BEVERAGE DISTRIBUTORS, INC., a Florida Corporation (referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216 (b) and pursuant to Rules 1.100 and 1.110, Florida Rules of Civil Procedure. This is an action for damages resulting from Defendant's wrongful termination of Plaintiff, retaliation violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*.

2. Plaintiff performed non-exempt duties in connection with the Defendant in Miami-Dade County, Florida.

3. Defendant has at all times material hereto owned and/or operated a business within the jurisdiction of this Court, including doing business in Miami-Dade County.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b) and Plaintiff seeks redress for same in this Complaint and Demand for Jury Trial..

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

6. At all times material to this Complaint, Gold Coast Beverage Distributors, Inc. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of Gold Coast Beverage Distributors, Inc. was in excess of $500,000.00 per annum at all times material hereto.

8. At all times pertinent to this Complaint, Gold Coast Beverage Distributors, Inc. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of forty (40) hours during one or more work weeks on or after January 2013 and did not receive time and a half of their regular rate of pay for all of the hours they worked over forty (40) in one or more work weeks.

10. Plaintiff regularly worked in excess of forty (40) hours per week in one or more weeks during his employment with Defendants.

11. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendant.

12. However, Defendant did not pay time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

13. The records, if any, concerning the hours worked by Plaintiff, and compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 13 above.

15. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

16. Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

17. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

18. As a result of Defendant" willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

19. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, and those similarly situated to him who have or will opt into this action demands judgment, jointly and severally, against Defendant, Gold Coast Beverage Distributors, Inc., individually, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
### *Interference With Rights Under The FMLA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

23. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.
24. All conditions precedent to bringing this action have occurred, been performed, or been excused.
25. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.
26. Plaintiff is an individual entitled to protection under the FMLA.
27. Plaintiff is an employee within the meaning of the FMLA.
28. Plaintiff suffered from a serious health condition within the meaning of the FMLA.
29. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.
30. Defendant's actions constitute violations of the FMLA.
31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Retaliation Under The FMLA

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

33. Plaintiff is an individual entitled to protection under the FMLA.

34. Plaintiff is an employee within the meaning of the FMLA.

35. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

36. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

37. Defendant's actions constitute a violation of the FMLA.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of February, 2016

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel. (305) 416-5000
Fax: (305) 416-5005
E-Mail: agp@rgpattorneys.com

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| DEIVYS DE LEON,<br><br>    Plaintiff,<br>vs.<br><br>GOLD COAST BEVERAGE DISTRIBUTORS, INC.,<br><br>    Defendant.<br>_____/ | Case No. 2016-003950-CA-01 |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant RMET Holdings, Inc. f/k/a Gold Coast Beverage Distributors, Inc. ("Gold Coast") pursuant to 28 U.S.C. § 1446(d), hereby files this Notice of Filing Notice of Removal. Gold Coast removed the above-captioned matter from the Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. A copy of the Notice of Removal is attached as Exhibit A.

Dated this 25th day of March 2016.   Respectfully submitted,

    By:/s/*Jorge Zamora, Jr.*_____
        Patrick G. DeBlasio, III
        Florida Bar No.: 871737
        E-mail: pdeblasio@littler.com
        Jorge Zamora, Jr.
        Florida Bar No.: 0094713
        E-mail: jzamora@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL  33131

        *Attorneys for Defendant*
        *RMET Holdings, Inc. f/k/a*
        *Gold Coast Beverage Distributors, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed and served via the E-filing Portal this 25th day of March 2016 to:

Anthony M. Georges-Pierre. Esq.
Florida Bar No. 533637
Email: agp@rgpattorneys.com
Remer & Georges-Pierre, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

                                              */s/ Jorge Zamora, Jr.*
                                                Jorge Zamora, Jr.

Firmwide:139565249.1 064311.1021